**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK JONES,

Defendant - Appellant.

No. 23-3045

D.C. No.
3:09-cr-01250-W-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted November 19, 2024[**]
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Patrick Jones (Jones), who was convicted of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), (e), appeals the district court's denial of his petition for a writ of error *coram nobis*. "We have jurisdiction under 28 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1291," and, reviewing *de novo*, we affirm the district court's denial of Jones' petition. *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020) (citation omitted).

"Coram nobis is an extraordinary remedy available only under circumstances compelling such action to achieve justice." *Id.* (citation and internal quotation marks omitted). "To qualify for this extraordinary remedy, the petitioner must establish four requirements: (1) the unavailability of a more usual remedy; (2) valid reasons for the delay in challenging the conviction; (3) adverse consequences from the conviction sufficient to satisfy Article III's case-and-controversy requirement; and (4) an error of the most fundamental character." *Id.* (citation, alteration, and internal quotation marks omitted).

Jones asserts that he is entitled to *coram nobis* relief because *United States v. United States District Court*, 858 F.2d 534 (9th Cir. 1988) (*Kantor II*),[1] addressing the *mens rea* requirements for a conviction under 18 U.S.C. § 2251(a), is clearly irreconcilable with the Supreme Court's recent decision in *Counterman v. Colorado*, 600 U.S. 66 (2023). "Generally, a panel opinion is binding on subsequent panels unless and until overruled by an en banc decision of this circuit." *United States v. Eckford*, 77 F.4th 1228, 1233 (9th Cir. 2023) (citation

[1] We previously relied on *Kantor II* in affirming Jones' conviction under 18 U.S.C. § 2251(a). *See United States v. Jones*, 459 F. App'x 616, 617 (9th Cir. 2011), *cert. denied*, 566 U.S. 950 (2012).

omitted).  However, "en banc review is not required to overturn a case where intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority."  *Id.* (citation and internal quotation marks omitted).  "The clearly irreconcilable requirement is a high standard that demands more than mere tension between the intervening higher authority and prior circuit precedent."  *Id.* (citation, alteration, and internal quotation marks omitted).  "If we can apply our precedent consistently with that of the higher authority, we must do so."  *Id.* (citation and alteration omitted).

Jones is not entitled to *coram nobis* relief because *Kantor II* is not clearly irreconcilable with *Counterman*.  In *Kantor II*, we held that that there was "little doubt that knowledge of the minor's age is not necessary for conviction under [18 U.S.C. §] 2251(a)," although a defendant could pursue "a reasonable mistake of age defense." 858 F.2d at 538, 542 (citation omitted).  In *Counterman*, the defendant was charged with making threats in violation of a state statute.  *See* 600 U.S. at 70-71.  The Supreme Court considered "whether the First Amendment still requires proof that the defendant had some subjective understanding of the threatening nature of his statements."  *Id.* at 69.  The Supreme Court held that "the State must prove in true-threats cases that the defendant had some understanding of his statements' threatening character," and that "a recklessness standard" was a sufficient *mens rea* for threat offenses.  *Id.* at 73.  The Supreme Court did not hold

3                                                                    23-3045

that the *mens rea* requirement for true-threat convictions must be applied to other criminal offenses, such as sexual exploitation of a child. *See id.* at 76-77, 82 n.6.

"Typically we apply a presumption in favor of a scienter requirement to each of the statutory elements that criminalize otherwise innocent conduct, even where the statute by its terms does not contain a scienter requirement." *United States v. Jayavarman*, 871 F.3d 1050, 1058 (9th Cir. 2017) (citation, alteration, and internal quotation marks omitted). "That presumption has not historically applied, however, to the element of a victim's age in a sex crime when the defendant personally confronts the victim. . . ." *Id.* (citations omitted). The Supreme Court has applied this principle in distinguishing the *mens rea* requirement for convictions under 18 U.S.C. § 2251(a). *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 n.5 (1994) (citing to *Kantor II* and observing that "producers [of explicit materials] may be convicted under [18 U.S.C.] § 2251(a) without proof they had knowledge of age").

In light of the Supreme Court's acknowledgment that 18 U.S.C. § 2251(a) lacks a *mens rea* requirement with respect to the victim's age, *Counterman's* holding concerning the *mens rea* requirement for true-threat offenses is not clearly irreconcilable with our precedent. *See Eckford*, 77 F.4th at 1233. The district court, therefore, committed no error when denying Jones' petition for writ of error *coram nobis* because Jones failed to demonstrate any error, let alone "an error of

the most fundamental character." *Kroytor*, 977 F.3d at 961 (citation and alteration omitted).[2]

**AFFIRMED.**

---

[2] Because Jones does not demonstrate "an error of the most fundamental character," *Kroytor*, 977 F.3d at 961 (citation and alteration omitted), we do not address the government's contentions that Jones could have filed a motion under 28 U.S.C. § 2255 in lieu of a petition for writ of error *coram nobis*, or that any instructional error during Jones' trial was harmless.